O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD G. ROBINSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>GENERAL MANAGER OF CALPIA, et al.,<br><br>                    Defendants. | Case No. 2:20-11591 CAS (ADS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

**I.      INTRODUCTION AND BACKGROUND**

Before the Court is Plaintiff Ronald G. Robinson's Objection to Court's Order Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). (Dkt. No. 64.) On September 16, 2021, the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 59, 51, respectively.) Having reviewed the Motion, the relevant legal authority, and the relevant pleadings, the Court denies Plaintiff's Motion.

/ / /

## II. LEGAL STANDARD

The Court construes the Motion as a motion for reconsideration under Local Rule 7-18. See Borsotti v. Nationstar Mortg., LLC, No. CV 17-7193-DMG (JCx), 2018 WL 6252457, at *1 (C.D. Cal. Mar. 1, 2018) (construing pro se plaintiff's objection the district judge's order as a motion for reconsideration). A court may reconsider its own order. See C.D. Cal. L.R. 7-18. Reconsideration of a court's order is an extraordinary remedy and should be used sparingly. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "In this district, motions for reconsideration are governed by Local Rule 7-18, which states: '[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.'" Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008) (quoting C.D. Cal. L.R. 7-18); see Fed. R. Civ. P. 54(b). Furthermore, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," C.D. Cal. L.R. 7-18, and "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent," Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). Finally, "[w]hether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Milton H. Greene, 568 F. Supp. 2d at 1162.

## III. DISCUSSION

Plaintiff argues the Court erred in denying his original motion for a temporary restraining order and preliminary injunction because the relief sought in the motion and the relief sought in the First Amended Complaint ("FAC") are related. (Dkt. No. 64 at 2-3.) He contends the injuries alleged in the original motion "are a continuation of the due process and speech suppression" issues raised in the FAC. (Id.) Plaintiff also argues, without supporting details, that he is entitled to a temporary restraining order and preliminary injunction because he is likely to succeed on the merits, suffer irreparable harm with an injunction, and suffer hardship without an injunction. (Id. at 4-5.)

The Court finds these arguments unavailing. First, Plaintiff does not raise a material difference in fact or law that could not have been known to Plaintiff when he filed the original motion. Second, Plaintiff offers no new material facts or law that emerged after the Court's prior order. Third, Plaintiff has not shown that the Court did not previously consider material facts related to the motion. For all these reasons, these arguments do not compel reconsideration.

## IV. CONCLUSION

The Court denies Plaintiff's Motion. (Dkt. No. 64.)

IT IS SO ORDERED.

Dated: October 21, 2021

*Christina A. Snyder*
THE HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge