UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-11591-CAS (ADS) | Date | November 1, 2022 |
|---|---|---|---|
| Title | RONALD GENE ROBINSON V. GENERAL MANAGER OF CALPIA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - MOTION FOR JUDGMENT TO REOPEN CASE AND TO ALTER OR AMEND RULING (Dkt. 123, filed on OCTOBER 13, 2022)

On December 22, 2020, plaintiff Ronald Gene Robinson filed this civil rights action against nine defendants, who are managers and administrators of the California Prison Industry Authority, correctional counselors at California Men's Colony, and the director of the California Board of Parole Hearings. Dkt. 1. On May 14, 2021, plaintiff filed the First Amended Complaint. Dkt. 11. The First Amended Complaint alleges (1) a Fourteenth Amendment procedural due process claim under 42 U.S.C. § 1983; (2) a First Amendment retaliation claim under 42 U.S.C. § 1983; (3) a First Amendment free exercise claim under 42 U.S.C. § 1983; and (4) a state law claim pursuant to California Labor Code § 2811. See generally id.

On October 25, 2021, eight of the nine defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), among other grounds. Dkt. 72. On November 29, 2021, plaintiff filed a request for leave to amend the First Amended Complaint. Dkt. 93. On August 22, 2022, the Magistrate Judge issued a report and recommendation (the "Report") granting the motion to dismiss on Rule 12(b)(6) grounds and denying plaintiff's request to amend the First Amended Complaint, reasoning that amendment would be futile. Dkt. 116. On September 9, 2022, plaintiff filed an objection to the Report. Dkt. 119. Plaintiff's objection did not state any grounds for objection but rather argued that plaintiff required counsel in order to further litigate his case due to his disability. Id. On October 4, 2022, the Court accepted the Report. Dkt. 121. In doing so, the Court concluded that requesting an attorney to represent plaintiff would not be appropriate because plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-11591-CAS (ADS) | Date | November 1, 2022 |
|---|---|---|---|
| Title | RONALD GENE ROBINSON V. GENERAL MANAGER OF CALPIA, ET AL. | | |

had already litigated the case to conclusion, the Court found the Report to be persuasive, and requesting an attorney to represent plaintiff would not impact the findings in the Report. Id. at 2.

On October 13, 2022, plaintiff filed a motion to reopen the case and to alter the ruling, arguing that the Court's decision not to appoint counsel violated the Americans with Disabilities Act, 42 U.S.C. § 1201, *et seq.*, ("ADA") and that the Court should have held an evidentiary hearing on whether plaintiff required counsel to object to the Report. Dkt. 123.

The Court construes plaintiff's motion as a motion for reconsideration. In this judicial district,

> [a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Cal. Local R. 7-18; see also Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation, 331 F.3d at 1046.

Plaintiff has not shown "a material difference in fact or law from that presented to the Court" or "new material facts or a change of law occurring after the [o]rder was entered." L.R. 7-18. Nor has plaintiff demonstrated "a manifest showing of a failure to consider material facts presented to the Court." Id. Plaintiff does not have a constitutional right to counsel in this § 1983 proceeding. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds on rehearing en banc, 154

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-11591-CAS (ADS) | Date | November 1, 2022 |
|---|---|---|---|
| Title | RONALD GENE ROBINSON V. GENERAL MANAGER OF CALPIA, ET AL. | | |

F.3d 952 (9th Cir. 1998) (en banc).  Under 28 U.S.C. § 1915(e)(1), a federal court has discretion to request that an attorney represent a litigant who is unable to afford counsel. "The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'" Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)).

Plaintiff has not provided any evidence supporting a finding of exceptional circumstances, and the ADA does not entitle plaintiff to counsel here.  Plaintiff has indicated that he has "severe depression" and "debilitating migraine headaches." Dkt. 60. But, despite his alleged disability, plaintiff has demonstrated that he is capable of litigating this matter by filing timely papers throughout the litigation and asserting coherent arguments.  See Mejia v. Sherman, 2022 WL 370959, at *2 (C.D. Cal. Feb. 8, 2022) (finding "no cause to appoint counsel" in light of "petitioner's ability to articulate his claims" despite his alleged disability); Pagaling v. Napa State Hospital, 2022 WL 3084313, at *2 (N.D. Cal. Aug. 3, 2022) (denying request for counsel on ADA grounds where "[p]laintiff has shown that he is capable of litigating this matter by filing coherent and organized papers"); Randle v. Grounds, 2018 WL 6027120, at *7 (C.D. Cal. Sept. 28, 2018) (finding appointment of counsel inappropriate where "petitioner's effective ability to articulate his claims *pro se* is adequate").  Moreover, in light of the Report dismissing plaintiff's claims, which the Court finds persuasive, plaintiff has not demonstrated a likelihood of success on the merits that would warrant appointment of counsel here.

To the extent that plaintiff seeks an evidentiary hearing pursuant to Federal Rule of Civil Procedure 17(c), the Court concludes that plaintiff has not made the requisite showing of incompetence.  Rule 17(c) provides in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  In the Ninth Circuit, if a "substantial question" exists regarding the mental incompetence of a *pro se* litigant, the district court should conduct a hearing to determine whether a guardian ad litem should be appointed.  See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  When determining whether a substantial question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-11591-CAS (ADS) | Date | November 1, 2022 |
|---|---|---|---|
| Title | RONALD GENE ROBINSON V. GENERAL MANAGER OF CALPIA, ET AL. | | |

exists, the Ninth Circuit looks for "substantial evidence" demonstrating that the litigant is incompetent. Id. See also Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012) (Rule 17(c) duty of inquiry triggered by "verifiable evidence" of incompetence). In California, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012). See also Fed. R. Civ. P. 17(b)(1).

Here, plaintiff has not provided any evidence in support of his request for an evidentiary hearing. In September 2021, in connection with a different filing, plaintiff submitted redacted health records indicating that he has been treated for depression and chronic headaches. See dkt. 60. While these records indicate that plaintiff suffers or has suffered from certain health conditions, they do not constitute "substantial evidence" that he lacks the capacity to understand the nature or consequences of these proceedings. C.f. Allen, 408 F.3d at 1152 (finding substantial evidence of incompetence where *pro se* litigant filed sworn declarations and letters from prison psychiatrist indicating that litigant "d[id] not understand the court's instructions" and that his schizophrenia "prevent[ed] him from being able to understand and respond to the court's order . . . during the relevant time period"). Furthermore, as explained above, plaintiff has demonstrated an ability to prosecute his case by timely filing coherent papers throughout the litigation. The fact that the Court has granted defendants' motion to dismiss and denied plaintiff's request for leave to amend the First Amended Complaint does not demonstrate that plaintiff is incompetent and requires appointment of a guardian ad litem.

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to reopen the case and alter or amend the ruling.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |